UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JANICE MALINOWSKI, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:08-CV-173 RM |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant | ) | |

OPINION and ORDER

This cause is before the court on the motion of Janice and Thomas Malinowski to remand this action to the Lake Superior Court. Defendant Walgreen Co. removed the case pursuant to 28 U.S.C. §§ 1441 and 1332 based on its claim that the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest. The Malinowskis haven't challenged Walgreen's claim relating to the parties' diversity of citizenship, but argue that Walgreen hasn't established that the amount in controversy exceeds $75,000, so the case should be remanded to state court. The Malinowskis also ask the court to award them attorney's fees pursuant to 28 U.S.C. § 1447(c).

I. Facts

The Malinowskis' complaint discloses the following facts. On February 14, 2007, Janice Malinowski visited the Walgreen Drug Store located at 651 West U.S. Highway 30 in Schererville, Indiana. Mrs. Malinowski parked her car, entered the

store, wiped her feet on the mat, and walked toward the greeting card aisle. As Mrs. Malinowski "turned the corner to enter the card aisle, and while exercising due care and caution, she slipped and fell on water which had accumulated or was deliberately placed there by [Walgreen] and/or [Walgreen's] agents." Compl., ¶ 9. The Malinowskis allege Walgreen was negligent by failing to exercise reasonable care to maintain the premises in a reasonably safe condition, remedy a known and recurrent condition that posed a potential danger to business invitees, warn Mrs. Malinowski of a dangerous and unsafe condition, and reasonably cure and respond to a danger pose by an unsafe condition. Compl., ¶ 11. According to the Malinowskis, because of Walgreen's negligence Mrs. Malinowski "was required to retain the services of several physicians and surgeons and has incurred substantial medical expenses and lost wages, lost earning capacity and will continue to incur medical expenses and lost wages in the future" and Mr. Malinowski "has incurred the loss of services of [his] wife and sustained a loss of consortium." Compl., ¶¶ 13-14. The Malinowskis seek judgment against Walgreen Co. "in an amount reasonable to compensate [them] for their losses, pre-judgment interest, for costs of this action, and for all other just and proper relief in the premises." Compl., at 4.

Walgreen timely removed the action to this court on June 9, 2008. In its removal petition, Walgreen reviewed the allegations of the Malinowskis' complaint and concluded that "[i]n light of plaintiff Janice Malinowski's fractured hip, need for a hip-replacement surgery, physical therapy, alleged lost wages and her claim

for the need for future medical care and future lost wages, it is reasonably probable, as supported by competent proof, that plaintiff Janice Malinowski's damages exceed Seventy-Five Thousand Dollars, exclusive of costs and interests." Notice of Removal, ¶ 11. Walgreen argued that this court "has original jurisdiction over Janice Malinowski's claims and original or supplemental jurisdiction over plaintiff Thomas Malinowski's claim. (See U.S.C. § 1332, 1367)." Notice of Removal, ¶ 13.

The Malinowskis moved for remand to the Lake Superior Court, arguing that Walgreen "has completely failed to establish that the amount in controversy exceeds the jurisdiction amount of $75,000." Memo., at 1.

## II.  DISCUSSION

The party seeking to invoke federal jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006). When, as here, a complaint filed in state court doesn't state the amount in controversy, *see* INDIANA TRIAL RULE 8(A)(2), the notice of removal "serves the same function as the complaint would in a suit filed in federal court," requiring the removing defendant to show "a reasonable probability that the stakes exceed the minimum." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Oshana v. Coca-Cola, 472 F.3d

3

at 511; *see also* McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 189 (1936) ("[There] are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. . . . If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."). A removing defendant can establish the amount the plaintiff stands to recover via contentions, interrogatories, or admissions in state court; calculation from the complaint's allegations; reference to the plaintiff's informal estimates or settlement demands; or the introduction of evidence, "in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-542 (7th Cir. 2006). "The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." Brill v. Countrywide, 427 F.3d at 448.

      Walgreen has tendered, in response to the Malinowski's contention that the company hasn't established the amount in controversy, the affidavit of Kevin Annarella, a claim representative of the third-party administrator of claims made against Walgreen. Mr. Annarella reports that on March 9, 2007 he interviewed Janice Malinowski and recorded her statement relating to her fall at Walgreen's Schererville store. The transcript of that statement, attached to Mr. Annarella's affidavit, confirms Walgreen's claims that Mrs. Malinowski suffered an injury to her hip that required hip replacement surgery, the services of several physicians and surgeons, and a multi-night hospital stay. Mrs. Malinowski told Mr. Annarella

4

complications from the surgery arose that required her to return to the hospital and have additional tests and treatment. She reported she was undergoing a physical therapy regimen and expressed her concern about the possibility of future medical problems resulting from the accident. Mrs. Malinowski told Mr. Annarella that her injury and resulting physical problems had prevented her from taking part in many family and work activities, caused her to miss a previously planned vacation, and forced her to withdraw from continuing education classes at Ball State University. Mrs. Malinowski further reported that she had lost wages and earning capacity and would be losing future wages, as well.

Walgreen says it has demonstrated through a good faith estimate – based on Mrs. Malinowski's own statements about the extent of her injury and medical treatment, her lost wages, and the injury's effect on her day-to-day activities – that the amount of Mrs. Malinowski's claim exceeded $75,000 at the time of removal. Walgreen also concludes that because its act of removing this action was objectively reasonable, the Malinowski's request for an award of fees should be denied.

The Malinowskis say in reply that Walgreen's reliance on <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536 (7th Cir. 2006), and <u>Spivey v. Vertrue</u>, ___ F.3d ___, 2008 WL 2357099 (7th Cir. Jun. 11, 2008), is misplaced because neither of those cases involved a personal injury claim. The court can't agree. A party seeking to invoke the court's jurisdiction must establish the requisite amount in controversy, regardless of the underlying claim. *See, e.g.,* 28 U.S.C. §§ 1332, 1335,

5

1337; *see also* Oshana v. Coca-Cola, 472 F.3d at 510-511 ("The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." (citations omitted)).

Walgreen's obligation is to establish, by a preponderance of the evidence, any "contested factual assertions." Meridian v. Sadowski, 441 F.3d at 540 ("What the proponent of jurisdiction must 'prove' is contested factual assertions."). The Malinowskis haven't challenged Walgreen's factual or jurisdictional assertions, nor have they provided any contrary information relating to the value of Mrs. Malinowski's claims. The Malinowskis can't ensure remand by merely asserting Walgreen hasn't established that the value of Mrs. Malinowski's claim exceeds $75,000. *See* Workman v. United Parcel Serv., Inc., 234 F.3d 998, 1000 (7th Cir. 2000) (noting that plaintiff "made no attempt to support his claim that the requirement of a minimum amount in controversy has not been met," adding that when a plaintiff doesn't stipulate he's not seeking damages in excess of $75,000, "the inference arises that he thinks his claim may be worth more"); Shadday v. Rodriguez Mahuad, No. 4:06-CV-88, 2006 WL 2228958, *4 (S.D. Ind. Aug. 2, 2006) ("Ms. Shadday has not asserted, or provided facts in support, that it would be impossible to collect greater than $75,000 from Mr. Rodriguez.").

Walgreen has made a "good faith estimate" that Mrs. Malinowski's claim is in excess of $75,000, and its estimate is plausible and supported by a preponderance of the evidence. Oshana v. Coca-Cola, 472 F.3d at 511. "Once the

6

defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.*; *see also* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify [remand]."); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 703 (9th Cir. 2007) ("[W]hen facts supporting jurisdiction (i.e., that a claim is worth more than $75,000) are established as more likely than not, federal jurisdiction is proper unless the 'opponent' of federal jurisdiction can show to a legal certainty that jurisdiction is not proper." (*citing* Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536 (7th Cir. 2006))); Meridian v. Sadowski, 441 F.3d at 541 ("Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy . . . once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is a 'legal certainty' that the controversy's value is below the threshold."). The Malinowskis haven't shown, to a legal certainty, that Mrs. Malinowski couldn't recover an amount in excess of $75,000 based on the circumstances at the time of removal.

### III. CONCLUSION

Based on the foregoing, the court concludes that removal was proper, and the plaintiffs' motion to remand and for an award of attorney fees [Doc. No. 5] is DENIED.

SO ORDERED.

ENTERED:    July 3, 2008


      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court